Nickerson, Gary A., J.
This matter is before the court on plaintiffs motion for Judgment on the Pleadings and defendant’s cross motions for Judgment on the Pleadings pursuant to G.L.c. 30A.[3] Plaintiff Kenneth Ritchie (Ritchie), in his individual capacity and as trustee of the Oyster River Condominium Trust (Trust), filed this action to challenge the Massachusetts Department of Environmental Protections (DEP) issuance of an amended license to defendant B.K. Enterprises, Inc. An Administrative Record (AR) was filed with the court on December 7, 2006. For the following reasons, the plaintiffs motion for Judgment on the Pleadings is DENIED and the defendants’ cross motions for Judgment on the Pleadings are ALLOWED.
BACKGROUND
B.K. Enterprises, Inc. (BKE) owns and operates a marina on the Oyster Pond River in Chatham, Massachusetts.[4] The relevant marina facilities consist of a solid-fill pier, a boat ramp, a marine railway, and a system of floating docks anchored by pilings and connected to the pier by a hinged ramp. Because the marina is located on public tidelands, BKE is required to maintain a G.L.c. 91 license with the DEP. On October 8, 1999, the DEP issued BKE a G.L.c. 91 license and at some point prior to 2003, BKE added on to its float system without first obtaining a license for the additional floats. In 2003, BKE attempted to secure an amendment to the 1999 license seeking to maintain the expanded floating dock configuration. The DEP approved the requested amendments and issued a “draft license” in September 2003.
Ritchie, exercising his regulatory right, filed an appeal with the DEP on October 2, 2003. Following a lengthy appeals process, an Administrative Magistrate concluded that the 1999 license was void because the addition of340 square feet of floating docks amounted to “an unauthorized substantial structural alteration of the float system” under G.L.c. 91, §18[5] and 310 CMR 9.00. The Administrative Magistrate refused to consider the proposed 2003 amendments because the original 1999 license was now considered void and any appeals seeking “authorization for additions to a structure which is no longer permitted, is moot.” AR at 629. The Administrative Magistrate recommended that the DEP find the 1999 license void in the DEP’s final decision. The DEP Commissioner substantially agreed with the Administrative Magistrate’s interpretation of G.L.c. 91, however, he concluded that “within the context of this case, the ‘principal’ structure would appear to be the solid fill pier, approach ramp, and maritime railway - as all the other structures are seasonal floats. ” AR at 635. The Commissioner further stated that “even if a ‘structural alteration’ has occurred to any structure, it has not occurred to the ‘principal’ structures . . . therefore, the 1999 license is not void but indeed remains valid, and its terms may not be challenged in this appeal.” AR at 636.
Ritchie argues that the DEP decision is based on error of law, unsupported by substantial evidence and in excess of the DEP’s authority or jurisdiction. Ritchie alleges that the DEP erred in concluding that the floating docks are not a “principal structure” pursuant to G.L.c. 91. Ritchie is requesting that this court remand the matter back to the DEP with the order to vacate their final decision and declare BKE’s 1999 license void.
DISCUSSION
A party aggrieved by a final decision of any agency in an adjudicatory proceeding is entitled to judicial review under General Laws c. 30A, §14. When reviewing an agency decision, the reviewing court must determine whether the agency’s decision was supported by substantial evidence. New Boston Garden Corp. v. Assessors of Boston, 383 Mass. 456, 466 (1981). Substantial evidence is defined as such evidence as a reasonable mind might accept as adequate to support a conclusion. Id. The party appealing an administrative decision bears the burden of demonstrating the decision’s invalidity. Merisme v. Bd. of Appeals on Motor Vehicle Liability, 27 Mass.App.Ct. 470, 474 (1989).
In such a case, the Court is confined to the record of the proceedings below, and is not authorized to weigh evidence, find facts, exercise discretion, or substitute its judgment for that of the decision-making body. See Police Comm’r of Boston v. Robinson, 47 Mass.App.Ct. 767, 770 (1999); FIC Homes of Blackstone, Inc., 41 Mass.App.Ct. at 684-85. In reviewing an agency’s decision, the court shall give due weight to the experience, technical competence, specialized knowledge of the agency, as well as the discretionary authority conferred upon it. Flint v. Comm’r of Pub. Welfare, 412 Mass. 416, 420 (1992). “A state administrative agency in Massachusetts has considerable leeway in interpreting a statute it is charged with enforcing . . .” Goldberg v. Board of Health of Granby, 444 Mass. 633 (2005). Accordingly, where the administrative agency is vested with broad authority to effectuate the purposes of the legislation, the court is required to grant deference to the agency’s experience and expertise. Massachusetts Inst. of Tech. v. Department of Pub. Utils., 425 Mass. 867 (1997). A reviewing court should not substitute its judgment for that of the reviewing agency. So. Worcester County Reg’l Vocational School Dist. v. Labor Relations Comm’n, 386 Mass. 414, 420-21 (1982).
*355 The Administrative Magistrate found that “BKE substantially altered the licensed structure” and further concluded that the 1999 license was void. A finding that the 1999 license was void mooted the need to further consider BKE’s 2003 application. No analysis was undertaken regarding whether the “unauthorized substantial structural alteration” occurred to a “principal” structure as required to void a license under the statute. The Administrative Magistrate simply compared the total square footage of the floating dock expansion to the total square footage of the existing structures and determined that “because BKE made an unauthorized substantial structural alteration to the float system approved by the 1999 license, the 1999 license (No. 8057) is void . . .” AR at 629.
The Commissioner’s final decision does not disagree with the Administrative Magistrate’s analysis of the statutory language, however, the Commissioner expanded the analysis by determining whether the floating dock system is considered a “principal” structure under the terms of the statute. The Commissioner, after a thorough analysis of the word “principal” concluded that the seasonal floating docks are not part of the “principal” structure covered by the 1999 license. The detailed final decision issued by the DEP Commissioner indicates that the Commissioner considered, at great length, the consequences for other licensees and the DEP, in reaching its conclusion. AR at 632. Utilizing his authority, the DEP Commissioner interpreted a statute it is charged with enforcing and this court must utilize great deference when reviewing such a decision. See Goldberg v. Board of Health of Granby, 444 Mass. 633 (2005).
The Administrative Record consists of numerous documents, reports, plans and maps comprising over 630 pages of information. Based on his experience and expertise regarding tidelands regulations, the Commissioner made a decision regarding BKE’s 1999 license and this court will generally defer to the agency’s interpretation of a regulation it is charged with enforcing. The record does not support a claim that the Commissioner’s final decision was either based on a legally untenable grounds or was unreasonable, arbitrary, or capricious.
ORDER
For the foregoing reasons, it is hereby ORDERED that the plaintiffs motion for Judgment on the Pleadings is DENIED and the defendants’ cross motions for Judgment on the Pleadings are ALLOWED. The Commission’s Final Decision dated May 23, 2006 is AFFIRMED.

The court is treating the defendants’ requests for relief set forth in their oppositions to plaintiffs motion as cross motions for summary judgment so as to effectuate complete relief.

The address of the marina is 82 Jericho Lane, Chatham, Massachusetts.

G.L.c. 91, §18 provides that “Any unauthorized substantial change in use or unauthorized substantial structural alteration shall render the license void.” The term “unauthorized substantial structural alteration” is defined as: “a change in the dimensions of a principal building or structure which increases by more than ten percent the height or ground coverage of the building or structure specified in the authorization or license, or an increase by more than ten percent of the surface area of fill specified in the authorization or license.” G.L.c. 91, §1 and 310 CMR 9.02.